**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **JAMES RICKEY EZELL, III,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 11-CV-400-TCK-TLW |
| | ) |
| **JEFF GATWOOD; SHAWN HICKEY;** | ) |
| **TULSA POLICE DEPARTMENT,** | ) |
| | ) |
| **Defendants.** | ) |

## OPINION AND ORDER

On June 27, 2011, Plaintiff, a prisoner appearing *pro se*, filed a 42 U.S.C. § 1983 civil rights complaint (Dkt. # 2) and a motion to proceed *in forma pauperis* (Dkt. # 3). By Order filed July 11, 2011 (Dkt. # 5), the Court granted Plaintiff's motion to proceed *in forma pauperis*, required him to pay an initial partial filing fee, and directed him to file a response demonstrating why the complaint should not be dismissed based on the holding of Heck v. Humphry, 512 U.S. 477 (1994). On August 8, 2011, Plaintiff paid the initial partial filing fee. On August 26, 2011, he filed his "response to order issued" (Dkt. # 17), along with a motion for leave to file an amended complaint (Dkt. # 15), a motion for appointment of counsel (Dkt. # 14), a "motion for writ" (Dkt. # 16), and an affidavit (Dkt # 18) providing his prison accounting information. Upon review of the documents filed by Plaintiff, the Court finds the complaint shall be dismissed as follows: grounds two and three shall be dismissed without prejudice based on Heck; ground one shall be dismissed with prejudice as barred by the two-year statute of limitations. Plaintiff's motion to file amended complaint shall be denied. In light of the dismissal of this action, Plaintiff's other pending motions shall be declared moot.

In his complaint (Dkt. # 2), Plaintiff uses these words to describe the nature of his case:

> On August 24, 1998, an information was filed in the Tulsa County District Court charging Plaintiff of Trafficking in Illegal Drug, Resisting an Officer, and Public Drunk.[1] On November 5, 1998, a preliminary hearing was conducted. Petitioner was represented by John Klenda resulting in Plaintiff/Petitioner being bound over for trial. Probable cause found from affidavit Jeff Gatwood and Shawn Hickey wrote.
> On November 7, 2000, Plaintiff's trial began. Officers Gatwood and Hickey affidavit "used" as evidence with preliminary and trial testimony. Officer Jeff Gatwood and Shawn Hickey used a produce [sic] police report November 8, 2000 "relevant" because these officers gave testimony to a jury the evidence of this report Plaintiff founded guilty.

See Dkt. # 2. Plaintiff identifies three counts, summarized as follows: (1) on August 19, 1998, Defendants unlawfully detained Plaintiff and subjected him to an unlawful search and seizure, (2) Defendants Gatwood and Hickey knowingly planted drugs on Plaintiff giving rise to his arrest on the charge of Trafficking, and (3) Defendants committed perjury resulting in his convictions. Id. In his request for relief, Plaintiff asks for "loss time 4,745,000, emotional and mental stress 3,000,000, pain and suffering 2,545,000, any attorney fees 250,000, any court cost fees 100,000, loss time my son can never get back 365,000." Id.

Under the standards discussed in the Court's prior Order (Dkt. # 5), Plaintiff's grounds two and three as alleged against Defendants Jeff Gatwood and Shawn Hickey are subject to dismissal without prejudice under the Supreme Court's holding in Heck v. Humphrey, 512 U.S. 477, 487 (1994) (holding that "[A] state prisoner's claim for damages is not cognizable under 42 U.S.C. §

---

[1] The Court takes judicial notice that the charges described by Plaintiff were filed in Tulsa County District Court, Case No. CF-1998-4298. The docket sheet for that case, viewed at www.oscn.net, reveals that on November 9, 2000, Plaintiff was convicted by a jury of Trafficking (Count 1), Resisting an Officer (Count 2), and Public Drunk (Count 3). On November 20, 2000, Plaintiff was sentenced in accordance with the jury's recommendation. The convictions were affirmed by the Oklahoma Court of Criminal Appeals ("OCCA") on direct appeal. Nothing provided by Plaintiff suggests that the convictions have been invalidated or set aside by the state courts.

1983 if 'a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence,' unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated"). Nothing provided by Plaintiff in his response to the Court's Order alters the Court's conclusion that this action should be dismissed. Plaintiff alleges that his conviction for Trafficking was obtained based on a perjured probable cause affidavit, a falsified police report, and as a result of evidence planted by Defendants. Based on those allegations, a judgment in favor of Plaintiff on grounds two and three of the complaint would necessarily imply the invalidity of the convictions entered in Tulsa County District Court, Case No. CF-1998-4298. Furthermore, Plaintiff does not suggest that his convictions have been set aside or invalidated by the state courts or by a federal court on habeas corpus review.[2] See Heck, 512 U.S. at 487. Therefore, grounds two and three as identified in Plaintiff's complaint have not yet accrued and his complaint fails to state a claim upon which relief may be granted. For that reason, grounds two and three shall be dismissed without prejudice based on Heck for failure to state a claim upon which relief may be granted.

The Court further finds that Plaintiff's ground one claim, alleging an unlawful search, may not be precluded by Heck because, if successful, it would not necessarily imply the invalidity of his convictions. See Beck v. City of Muskogee Police Dep't, 195 F.3d 553, 558 (10th Cir. 1999). However, such claim accrued on August 19, 1998, the date Plaintiff knew or should have known that

---

[2]The Court notes that in N.D. Okla. Case No. 03-CV-048-TCK-PJC, Plaintiff sought habeas corpus relief from his convictions entered in Tulsa County District Court, Case No. CF-1998-4298. By Order filed July 17, 2006, the Court denied relief. Plaintiff appealed to the Tenth Circuit Court of Appeals. By Order filed October 18, 2006, the Tenth Circuit denied a certificate of appealability and dismissed the appeal. In his response to this Court's prior Order, Plaintiff describes his more recent attempt to obtain relief in the state courts from his convictions and sentences entered in Case No. CF-1998-4298. See Dkt. # 17. Plaintiff states that on July 21, 2011, in Case No. PC-2011-559, the OCCA declined jurisdiction and dismissed as untimely his post-conviction appeal. Id.

officers allegedly searched his person without probable cause. See id. (explaining that claims arising out of police actions toward a criminal suspect, such as arrest, interrogation, or search and seizure, are presumed to have accrued when the actions actually occur). Thus, Plaintiff's ground one claim is well outside the two-year statute of limitations applicable to civil rights claims. See Meade v. Grubbs, 841 F.2d 1512, 1522-24 (10th Cir. 1988) (stating that the appropriate period of limitations for § 1983 actions brought in the State of Oklahoma is two years, pursuant to Okla. Stat. Ann. tit. 12, § 95(3)). Accordingly, Plaintiff's § 1983 claim for unlawful search of his person shall be dismissed with prejudice as outside the statue of limitations.

Plaintiff's request to amend his complaint to name new defendants, see Dkt. # 15, will not alter the rulings discussed above. For that reason, Plaintiff's motion to amend shall be denied. His other pending motions shall be declared moot.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Grounds two and three of the complaint are **dismissed without prejudice** based on Heck v. Humphrey, 512 U.S. 477 (1994).

2. Ground one of the complaint is **dismissed with prejudice** as barred by the statute of limitations.

3. Plaintiff's motion to file an amended complaint (Dkt. # 15) is **denied**.

4. Any pending motion is **declared moot**.

5. This is a final Order terminating this action.

DATED THIS 30th day of August, 2011.

*Terence Kern*
**TERENCE KERN**
**United States District Judge**